IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**AREU STUDIOS, LLC,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 20-71228-PMB** |
| **AREU STUDIOS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**AREU STUDIOS EQUITY INVESTOR, LLC,**<br><br>Defendant. | **ADVERSARY PROCEEDING NO.** |

## COMPLAINT

COMES NOW Areu Studios, LLC, debtor and debtor in possession in the above-styled bankruptcy case ("Plaintiff" or "Debtor"), by and through undersigned counsel, and files this *Complaint* against Areu Studios Equity Investor, LLC ("Defendant" or "Equity Investor") as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157.

2. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

4. Debtor consents to entry of final orders by this Court in this adversary proceeding.

### PARTIES

5. Debtor is a Georgia for-profit limited liability company which operates a film and television studio in Atlanta, Georgia. Areu is a reorganized debtor pursuant to the Court's March

17, 2021 Confirmation Order (Doc. 124).

6. Areu Studios Equity Investor, LLC is a preferred member of Greenberg Film and TV Studio Holdings, LLC which is an 80% member of Greenberg Georgia Film and TV Studio Holdings, LLC which owns the equity interests in the Reorganized Debtor.

## GENERAL BACKGROUND

7. Pursuant to the Confirmation Order, on the Effective Date, the Reorganized Debtor issued all of the Equity Interests in the reorganized Debtor to Greenberg Georgia Film and Studio Holdings, LLC ("Greenberg Georgia").

8. Greenberg Georgia is owned 80% by Greenberg Film and Studio Holdings, LLC ("Greenberg Film") and 20% by Oz Media, LLC.

9. Greenberg Film is owned by Greenberg Holdings, LLC and Defendant Equity Investor.

10. Defendant Equity Investor is owned by Arena Investor, L.P.

11. An affiliate of Arena Investor, L.P., Arena Limited SPV, LLC ("Lender") provided take out financing to Greenberg Georgia to consummate the Chapter 11 Plan by providing financing to satisfy the indebtedness to the Debtor's primary creditor, LV Atlanta, LLC (the "Loan").

12. The Loan closed on March 26, 2021 pursuant to that certain loan agreement entered into by Lender and Greenberg Georgia (the "Loan Agreement").

13. Pursuant to the Loan Agreement, a reserve was set up in the amount of $581,000.00 to ensure that Greenberg Georgia would always be able to make payments pursuant to the Plan to the Unsecured Creditors[1] and TP Krog, LLC (the "Unsecured Reserve").

---

[1] Any capitalized term that is not defined herein has the same meaning and definition as set forth in the Confirmation Order.

14. As part of the Loan, Defendant Equity Investor invested $700,000.00 and received preferred equity in Greenberg Film.

15. Pursuant to the operating agreement of Greenberg Film, Defendant Equity Investor must approve any refinance of the debt outstanding to Lender.

16. On August 2, 2021, Debtor and Greenberg Georgia (the "Obligors") contacted Lender about refinancing the Loan and received Lender's verbal approval to refinance the Loan (the "Proposed Refinance").

17. On August 13, 2021, Obligors received a payoff from Lender with the statement to please contact Lender three days prior to closing for an updated payoff.

18. Obligors spent from August 2, 2021 through September 22, 2021 providing Equity Investor with information regarding the Proposed Refinance but never received written consent from Equity Investor.

19. On or about September 22, 2021, Obligors received a commitment letter to refinance the outstanding indebtedness to Lender on substantially better terms than exist with Lender with an outside closing date of September 28, 2021.

20. Specifically, the Proposed Refinance (i) provides financing of 17 Million to allow Obligors to make or otherwise negotiate payments to creditors under the Chapter 11 Plan, (ii) has an interest rate of 10.34% instead of 13%, (ii) does not require reserves whereas the Loan requires reserves of over $2,000,000 that must be replenished within a five day notice, and (iii) does not require any equity pledges.

21. On September 23, 2021, Obligors requested use of the Unsecured Reserve to make the October 1, 2021 payments to the Unsecured Creditors and TP Krog. Lender has yet to respond.

22. On September 24, 2021, Obligors negotiated an early payoff to TP Krog, LLC of

3

2 million which is a 1 million dollar savings under the confirmed Chapter 11 Plan of Debtor's subsidiary, Good Deed, LLC.

23. Despite this, Defendant Equity Investor refused to provide consent to the refinance.

24. Pursuant to the Loan Agreement, Obligors must enter into a long-term lease of the property by September 26, 2021 or be in default of the Loan Agreement.

25. A long-term lease would have a detrimental effect to the financial wherewithal of Obligors as the rental rate of the studio per square foot would be substantially less.

26. Because the Proposed Refinance was ready to close on substantially better terms than the Loan with Lender prior to September 26, 2021, Obligors did not enter into a long term lease.

27. On September 28, 2021, despite knowing that the Proposed Refinance was ready to close, Lender issued a notice of default to Obligors ("Notice of Default").

28. Defendant Equity Investor refuses to consent to the Proposed Refinance despite the substantial savings to Obligors and the Loan being in default with interest accruing at the default rate of 24%.

29. Defendant Equity Investor's refusal will make it impossible for Obligors to comply with the terms of the Chapter 11 Plan as it is anticipated that Lender intends to setoff the reserve accounts of over $2,000,000 (including the Unsecured Reserve) and refuse to give Greenberg Georgia access to its operating accounts.

30. Obligors have payments that must be made in the coming week to the unsecured creditors and TP Krog as well as an interest payment to Lender on October 8, 2021.

## COUNT I
### (Declaratory Judgment and Temporary Restraining Order and Preliminary and Permanent Injunction)

31. Plaintiff realleges the allegations of paragraphs 1 through 30 above as though fully set forth herein.

32. Debtor is entitled to equitable relief against Defendant Equity Investor, without limitation, under Rule 65 of the Federal Rules of Civil Procedure, which is applicable to this action pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure.

33. The Proposed Refinancing ensures continued feasibility of Debtor's Plan.

34. The following four factors weigh in Debtor's favor: (1) the likelihood of success on the merits; (2) the potential for irreparable harm to Debtor if the temporary restraining order is denied—the single most important factor; (3) the balance between the hardship to the Equity Investor if the temporary restraining order is granted contrasted with the hardship to Debtor if no injunction issues; and (4) the effect (if any) of the Court's ruling on the public interest. *Id*.

35. Debtor is likely to prevail on the merits of its claim for an injunction as well as for declaratory relief.

36. The balance of hardships favors issuance of a temporary restraining order and preliminary injunctive relief. The inability to move forward with the Proposed Refinance could cause Debtor to suffer immediate and irreparable harm as it will cause Debtor to be in default under the Plan. A temporary restraining order and preliminary and permanent injunctive relief while this matter is pending will not harm the Defendant.

37. Debtor seeks declaratory judgment and an order enjoining Defendant Equity Investor from refusing to consent to the Proposed Refinance for its own self-serving purposes.

## COUNT II
**(Specific Performance)**

38. Plaintiff realleges the allegations of paragraphs 1 through 36 above as though fully set forth herein.

39. Defendant Equity Investor must take all actions necessary for the Debtor to perform its obligations under the Plan.

40. Pursuant to Section 12.1.9 of the Plan, this Court retains jurisdiction to "make such determinations and enter such orders as may be necessary to effectuate all the terms and conditions of this Plan, including the Distribution of funds from the Estate and the payment of claims".

41. Moreover, pursuant to 11 U.S.C. 1142(b) "the court may direct the debtor and any other necessary party … to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan."

42. The clear intent of 11 USCS § 1142(b) is for Bankruptcy Court to retain its jurisdiction to assure that terms and provisions of confirmed Chapter 11 plan are carried out until plan is completed and final decree is entered closing case. *In re Terracor*, 86 B.R. 671, 1988 U.S. Dist. LEXIS 5152 (D. Utah 1988).

43. Pursuant 11 U.S.C. § 105, the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

44. Defendant Equity Investor's refusal to consent to the Proposed Refinance is hindering Obligors' ability to carry out the terms of the plan and payment of claims.

45. The Proposed Refinance is in the best interest of the Debtor.

46. Debtor is entitled to an order directing Equity Investor to comply with the Plan and take all actions necessary for the Debtor to be able to perform its obligations under the Plan.

## **RELIEF REQUESTED**

With respect to **Count I**, Debtor seeks the following relief:

a) Declaratory judgment and a temporary restraining order enjoining Equity Investor from refusing to consent to the Proposed Refinance until such time as the Court can hear Debtor's request for a preliminary injunction; and

b) Permanent injunctive relief with respect to the relief in the preceding sub-paragraph.

With respect to **Count II**, Debtor seeks the following relief:

a) An order directing Defendant Equity Investor to take all actions necessary for the Debtor to be able to perform its obligations under the Plan, including without limitation to approving the Proposed Refinance.

This 30th day of September, 2021.

**JONES & WALDEN LLC**

*/s/ Leslie Pineyro*
Leslie Pineyro
Georgia Bar No. 969800
Leon S. Jones
Georgia Bar No. 003980
699 Piedmont Ave NE
Atlanta, GA 30308
(404) 564-9300
Attorneys for Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>AREU STUDIOS, LLC,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 20-71228-PMB |
| AREU STUDIOS, LLC,<br><br>    Movant,<br><br>v.<br><br>AREU STUDIOS EQUITY INVESTOR, LLC,<br><br>    Respondent. | ADVERSARY PROCEEDING NO. |

Verification

Steven M. Greenberg, as the authorized representative of the member of Debtor and Plaintiff states, under penalty of perjury, that the facts and allegations contained in the Complaint are true and correct.

Sworn to and subscribed before me this 30 day of September, 2021

_____
Notary Public
My Commission Expires Mar 16, 2022

Jennifer Frazier
Notary Public, State of Texas
Comm. Expires 03-16-2022
Notary ID 131492357

Notarized Online with NotaryLive.com

GREENBERG GEORGIA FILM AND TV STUDIO HOLDINGS, LLC, a Delaware limited liability company

By: GREENBERG FILM AND TV STUDIO HOLDINGS, LLC, a Delaware limited liability company

By: _____
Steven M. Greenberg
Its: Authorized Signatory