IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>AREU STUDIOS, LLC,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 20-71228-PMB |
| AREU STUDIOS, LLC,<br><br>    Movant,<br><br>v.<br><br>AREU STUDIOS EQUITY INVESTOR, LLC,<br><br>    Respondent. | ADVERSARY PROCEEDING<br>NO. 21-05103 |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR HEARING DATE AND BRIEFING SCHEDULE WITH RESPECT TO THE DEBTOR'S REQUEST FOR A PRELIMINARY INJUNCTION**

COMES NOW Areu Studios, LLC, debtor and debtor in possession in the above-styled bankruptcy case ("Areu", "Plaintiff" or "Debtor"), by and through undersigned counsel, and requests entry of a temporary restraining order consistent with the form of order filed with this Motion. In summary terms, Debtor seeks entry of an order that enjoins the Areu Studios Equity Investor, LLC ("Equity Investor") from refusing to consent to the proposed refinance of the Loan (as defined herein).

Debtor further requests that the temporary restraining order remain in effect for no fewer than 14 calendar days and that the Court set an expedited hearing and briefing schedule with respect to Debtor's request for a preliminary injunction substantially similar to the temporary restraining order requested by this Motion.

**Jurisdiction, Venue, and Statutory Basis for Relief**

1.    This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157.

2. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

4. This Motion is brought pursuant to Rule 65 of the Federal Rules of Bankruptcy Procedure, which is applicable to this adversary proceeding pursuant of Rule 7065 of the Federal Rules of Bankruptcy Procedure.

5. Debtor consents to entry of final orders by this Court in this adversary proceeding.

## GENERAL BACKGROUND

6. Areu is a reorganized debtor pursuant to the Court's March 17, 2021 Confirmation Order. (Doc. 124.)

7. Pursuant to the Confirmation Order, on the Effective Date, the Debtor issued all of the Equity Interests in the Debtor to Greenberg Georgia Film and Studio Holdings, LLC ("Greenberg Georgia").

8. Greenberg Georgia is owned 80% by Greenberg Film and Studio Holdings, LLC ("Greenberg Film") and 20% by Oz Media, LLC.

9. Greenberg Film is owned by Greenberg Holdings, LLC and Equity Investor.

10. Equity Investor is owned by Arena Investor, L.P.

11. An affiliate of Arena Investor, L.P., Arena Limited SPV, LLC ("Lender") provided take out financing to Greenberg Georgia to consummate the Chapter 11 Plan by providing financing to satisfy the indebtedness to the Debtor's primary creditor, LV Atlanta, LLC (the "Loan").

12. The Loan closed on March 26, 2021 pursuant to that certain loan agreement entered into by Lender and Greenberg Georgia (the "Loan Agreement").

13. Pursuant to the Loan Agreement, a reserve was funded in the amount of $581,000.00 to ensure ability to make payments pursuant to the Plan to the Debtor's unsecured creditors and TP Krog, LLC (the "Unsecured Reserve").

14. As part of the Loan, Equity Investor invested $700,000.00 and received preferred equity in Greenberg Film.

15. Pursuant to the operating agreement of Greenberg Film, Equity Investor must approve any refinance of the debt outstanding to Lender.

16. On August 2, 2021, Greenberg Georgia and Debtor (the "Obligors") contacted Lender about refinancing the Loan and received Lender's verbal approval to refinance the Loan (the "Proposed Refinance").

17. On August 13, 2021, Obligors received a payoff from Lender with the statement to please contact Lender three days prior to closing for an updated payoff.

18. Obligors spent from August 2, 2021 through September 22, 2021 providing Equity Investor with information regarding the Proposed Refinance but never received written consent from Equity Investor.

19. On or about September 22, 2021, Obligors received a commitment letter to refinance the outstanding indebtedness to Lender on substantially better terms than exist with Lender with an outside closing date of September 28, 2021.

20. Specifically, the Proposed Refinance (i) provides financing of 17 million to allow Greenberg Georgia to negotiate payments to creditors under the Chapter 11 Plan, (ii) has an interest rate of 10.34% instead of 13%, (ii) does not require reserves whereas the Loan requires reserves of over $2,000,000 that must be replenished within a five day notice, and (iii) does not require any equity pledges.

21. On September 23, 2021, Obligors requested use of the Unsecured Reserve to make the October 1, 2021 payments to the Unsecured Creditors and TP Krog. Lender has yet to respond.

22. On September 24, 2021, Obligors negotiated an early payoff to TP Krog, LLC of 2 million which is a 1 million dollar savings under the confirmed Chapter 11 Plan of Debtor's subsidiary, Good Deed, LLC.

23. Despite this, Equity Investor refused to provide consent to the refinance.

24. Pursuant to the Loan Agreement, Debtor and/or Greenberg Georgia must enter into a long-term lease of its property by September 26, 2021 or be in default of the Loan Agreement.

25. A long-term lease would have a detrimental effect to the financial wherewithal of Obligors as the rental rate of the studio per square foot would be substantially less.

26. Because the Proposed Refinance was ready to close on substantially better terms than the Loan with Lender prior to September 26, 2021, Obligors did not enter into a long term lease.

27. On September 28, 2021, despite knowing that the Proposed Refinance was ready to close, Lender issued a notice of default to Obligors ("Notice of Default").

28. Equity Investor refuses to consent to the Proposed Refinance despite the substantial savings to Obligors and the Loan being in asserted default with interest accruing at the default rate of 24%.

29. Defendant Equity Investor's refusal will make it impossible for either Debtor or Greenberg Georgia to comply with the terms of the Chapter 11 Plan as it is anticipated that Lender intends to setoff the reserve accounts of over $2,000,000 (including the Unsecured Reserve) and refuse to give access to operating accounts to make payments under Debtor's Plan.

30. Payments must be made in the coming week to the unsecured creditors and TP Krog as well as an interest payment to Lender on October 8, 2021.

## **RELIEF REQUESTED**

31. Debtor requests entry of a temporary restraining order granting the relief requested in the form of order filed with this Motion and as described in the introductory paragraph to this Motion. This relief is requested pursuant to Rule 65 of the Federal Rules of Civil Procedure, which is applicable to this adversary proceeding pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure.

## **BASIS FOR RELIEF**

32. Under Rule 65 of the Federal Rules of Civil Procedure, the Court has authority to issue a temporary restraining order until such time as a hearing can be held on a motion for a preliminary injunction.

33. The standards for issuing a temporary restraining order are the same as those that the Court must apply when determining whether to grant a preliminary injunction. *E.g., Basank v. Decker*, No. 20 CIV. 2518 (AT), 2020 WL 1481503, at *2 (S.D.N.Y. Mar. 26, 2020).

34. Thus the Court must consider, and Debtor bears the burden to demonstrate, that the following four factors weigh in Debtor's favor: (1) the likelihood of success on the merits; (2) the potential for irreparable harm to Debtor if the temporary restraining order is denied—the single most important factor; (3) the balance between the hardship to the Equity Investor if the temporary restraining order is granted contrasted with the hardship to Debtor if no injunction issues; and (4) the effect (if any) of the Court's ruling on the public interest. *Id.*

35. Each of these factors weighs in favor of Debtor and granting the temporary restraining order requested by this Motion.

A. **The Likelihood of Success on the Merits**

36. The first factor the Court must consider is the likelihood that Debtor will be successful on the merits.

37. The essence of Debtor's Complaint is that the Equity Investor has breached its fiduciary duty by failing to consent to the Proposed Refinance despite considerable savings and is impeding the required payments under the Plan and ensuring continued compliance with the Plan.

38. Pursuant to Section 12.1.9 of the Plan, this Court retains jurisdiction to "make such determinations and enter such orders as may be necessary to effectuate all the terms and conditions of this Plan, including the Distribution of funds from the Estate and the payment of claims".

39. Moreover, pursuant to 11 U.S.C. 1142(b) "the court may direct the debtor and any other necessary party … to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan."

40. The clear intent of 11 USCS § 1142(b) is for Bankruptcy Court to retain its jurisdiction to assure that terms and provisions of confirmed Chapter 11 plan are carried out until plan is completed and final decree is entered closing case. *In re Terracor*, 86 B.R. 671, 1988 U.S. Dist. LEXIS 5152 (D. Utah 1988).

41. Pursuant 11 U.S.C. § 105, the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

42. Equity Investor's refusal to consent to the Proposed Refinance is hindering Debtor's ability to carry out the terms of the plan and payment of claims.

43. To be clear, Obligors have a commitment letter to close the Proposed Refinance to pay Lender 100% of what it is owed under the Loan. The commitment letter was issued prior to any notice of default. The Proposed Refinance will facilitate substantial payments under the

Plan and ensure continued feasibility of the Plan.

44. Debtor is seeking for Equity Investor to consent to the Proposed Refinance which is in the best interest of all parties.

**B.  The Potential for Irreparable Harm to Debtor**

45. The next factor also weighs in favor of granting the Motion. The Debtor's Chapter 11 Plan requires payments to the Debtor's unsecured creditors on a monthly basis.  In order to ensure continued feasibility of the Plan and not to fall in default under the Loan Agreement, Debtor secured a commitment letter to refinance out Lender.  By not consenting to the Proposed Refinance, Equity Investor systematically created default under the Loan Agreement in a presumed effort to setoff the reserves held including the Unsecured Reserve and cause default under the Plan.

**C.  The Balance of Hardships**

46. The balance of hardships also favors Debtor. In this case, agreement by Equity Investor to the Proposed Refinance pays off 100% of the outstanding Loan and provides additional capital to make the Plan payments. There is no harm to Equity Investor consenting to the Proposed Refinance other than losing the ability for its affiliate – Lender – to call a default under the Loan Agreement.

47. If the temporary restraining order is not granted, then there is a significant and material risk that the Debtor will default under its Plan payments.

48. Debtor has satisfied this element.

**D.  The Effect on the Public Interest**

49. This element also favors Debtor as public policy favors reorganization and Debtor has a confirmed Chapter 11 Plan that pays creditors.

**NO BOND IS REQUIRED**

50. Due to the nature of this request, no bond is required. Fed. R. Bankr. P. 7065.

51. Debtor has served a copy of the Complaint and this Motion via U.S. Mail, e-mail and Federal Express. Debtor requests that the Court find such notice adequate under the circumstances and due to the nature of the relief requested. Fed. Bankr. P. 2002(m).

52. A proposed Temporary Restraining Order is attached hereto as "Exhibit 1".

**CONCLUSION**

Debtor requests that the Court enter an order (1) granting this Motion, (2) entering a temporary restraining order in a form substantially similar to the form of order filed with this Motion, (3) setting a hearing date and briefing schedule for a hearing with respect to a preliminary injunction, and (4) granting such further relief as the Court deems proper.

This 30th day of September, 2021.

                    **JONES & WALDEN LLC**

                    */s/ Leslie Pineyro*
                    Leslie Pineyro
                    Georgia Bar No. 969800
                    Leon S. Jones
                    Georgia Bar No. 003980
                    699 Piedmont Ave NE
                    Atlanta, GA 30308
                    (404) 564-9300
                    Attorneys for Plaintiff

# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>AREU STUDIOS, LLC,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 20-71228-PMB |
| AREU STUDIOS, LLC,<br><br>Movant,<br><br>v.<br><br>AREU STUDIOS EQUITY INVESTOR, LLC,<br><br>Respondent. | ADVERSARY PROCEEDING<br>NO. 21-05103 |

**ORDER GRANTING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR HEARING DATE AND BRIEFING SCHEDULE WITH RESPECT TO THE DEBTOR'S REQUEST FOR A PRELIMNARY INJUNCTION**

Upon consideration of the *Emergency Motion for Temporary Restraining Order and Request for Hearing Date and Briefing Schedule with Respect to Debtor's Request for a*

1

*Preliminary Injunction*, filed at Docket Entry \_\_\_ (the "Motion")[1] filed by Debtor, with adequate notice and a hearing thereon, and good cause having been demonstrated to the Court, it is hereby **ORDERED** as follows:

1. The Court held a hearing with respect to the Motion on _____, 2021, at which the Court considered the contents of the Motion; Debtor's verified Complaint, which, through the verification, provides factual support for the allegations in the Motion; and any and all responses or objections to the Motion that were filed.

2. After consideration of the arguments of any party appearing at the hearing and the items discussed in the prior paragraph, the Court finds and concludes that Debtor would suffer immediate and irreparable harm without issuance of a temporary restraining order.

3. The Court further **FINDS** as follows:

    a) Debtor is entitled to issuance of a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, which is applicable to this adversary proceeding pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure.

    b) Debtor has shown a substantial likelihood of success on the merits on the claims alleged in the Complaint.

    c) The risk of harm to Debtor if a temporary restraining order is not granted outweighs the risk of any harm to the Defendant of a temporary restraining order is granted.

    d) Debtor has satisfied the elements necessary for the issuance of this temporary restraining order

4. Based on the foregoing, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED**

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Motion.

2

as follows:

    a)     The Motion is GRANTED on the terms and conditions set forth herein, and a temporary restraining order is issued pursuant to the terms of this Order.

    b)     A temporary restraining order is hereby issued, with notice, and directed to the Defendant and all agents, servants, employees, and any parties acting in concert with any of the foregoing parties (collectively, the "Restrained Parties").

    c)     Until the expiration of this temporary restraining order, its scope shall be as follows:

        i.     The Restrained Parties shall not entice a default under the Loan or delay or refuse to consent to the Proposed Refinance on the terms provided in the September 22, 2021 commitment letter.

5.     The Court shall conduct a hearing on Debtor's request for a preliminary injunction consistent with the terms of this Order on _____. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a preliminary injunction.

6.     This temporary restraining order shall remain in full force and effect until it expires on _____ unless either (a) terminated earlier by the Court or (b) further extended by law or agreement of the parties.

**Order prepared and presented by:**

**JONES & WALDEN LLC**

*/s/ Leslie Pineyro*
Leslie Pineyro
Georgia Bar No. 969800
Leon S. Jones
Georgia Bar No. 003980
699 Piedmont Ave NE
Atlanta, GA 30308
(404) 564-9300
Attorneys for Plaintiff

4